**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Wallace, | No. CV-19-05117-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court is Defendants the State of Arizona, et al.'s Motion requesting an evidentiary hearing to determine whether Plaintiff Aaron Wallace requires the appointment of a guardian ad litem.[1] (Doc. 38.) Because Plaintiff is represented by counsel in this action, the Motion is denied without prejudice to the Court holding such a hearing on any suggestion that Plaintiff's interests are or may be different than the interests of his attorneys.

Plaintiff has suffered from serious mental illness for most of his life. At the time this lawsuit was filed in October 2018, Plaintiff was involuntarily committed to the Arizona State Hospital ("AzSH"), and had been for more than six years, under a Guilty Except Insane adjudication on an assault charge. Plaintiff has been involuntarily committed on multiple other occasions, including in July 2019, after his release from AzSH and while this case was pending. In his First Amended Complaint filed in Maricopa County Superior

---

[1] The Motion is titled "Motion Requesting Appointment of a Guardian Ad Litem for Plaintiff Aaron Wallace." However, Defendants do not actually request appointment of a guardian ad litem but rather a hearing to determine whether such appointment is warranted.

Court on July 27, 2019, Plaintiff alleged that he was designated as seriously mentally ill as an adolescent, and that, at the time of filing, Plaintiff's mental impairment was so severe "as to interfere substantially with his capacity to remain in the community without supportive treatment or services of a long-term or indefinite duration." (Doc. 38-5 at 2.) Moreover, at various points throughout this case, Plaintiff has maintained only "sporadic" contact with his attorneys. (Doc. 38-3 at 2.)

Federal Rule of Civil Procedure 17(c) governing representation on behalf of minors and incompetent persons provides that courts "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." "The purpose of Rule 17(c) is to protect an incompetent person's interests in prosecuting or defending a lawsuit." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). Thus, "[o]nce the court determines that a pro se litigant is incompetent, the court generally should appoint a guardian ad litem under Rule 17(c)." *Id.* However, the Rule does not make such an appointment mandatory: "[i]f another order would sufficiently protect the incompetent person's interests in the litigation in lieu of a guardian, the court may enter such an order." *Id.* This includes "appointed counsel pursuant to 28 U.S.C. § 1915(e)(1)," which may be sufficient depending on the facts of the case. *Id.* at 1311. At the same time, other courts have found that, the qualifying word "unrepresented" in Rule 17(c) notwithstanding, "the mere presence of an attorney representing" an incompetent person may be "insufficient of itself to protect her personal interests in [an] action." *See Noe v. True*, 507 F.2d 9, 12 (6th Cir. 1974 (stating that, in the case of a 14-year-old seeking an abortion, "ultimate responsibility for determinations made on behalf of the child" is "a role not ordinarily contemplated by the simple attorney-client relationship").

Plaintiff is not "unrepresented" in this action. Moreover, Defendants have not provided any evidence at all to suggest that Plaintiff's interests conflict with those of his attorneys.

**IT IS THEREFORE ORDERED** that Defendants the State of Arizona, et al.'s Motion requesting an evidentiary hearing to determine whether Plaintiff Aaron Wallace

requires the appointment of a guardian ad litem (Doc. 38) is **DENIED** without prejudice.

Dated this 22nd day of June, 2020.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge